# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| **MICHAEL THOMPSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2:21-00149 |
| ) | |
| **WEXFORD HEALTH SOURCES,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice.

## PROCEDURE AND FACTS

On March 4, 2021, Plaintiff, acting *pro se*, filed his Application to Proceed Without Prepayment of Fees and Costs and a Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document Nos. 1 and 2.) By Order entered on March 5, 2021, the undersigned determined that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs was deficient. (Document No. 5.) Thus, the undersigned directed that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be returned to Plaintiff, that Plaintiff submit a complete Application including all information contained in the Certificate portion of the Application, and return such to the Court by April 6, 2021. (Id.) On March 22, 2021, Plaintiff filed his completed Application to Proceed Without Prepayment of Fees and Costs. (Document No. 7.) By Order

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

entered on April 16, 2021, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed Plaintiff to pay $71.86 as an initial partial payment of the filing fee. (Document No. 8.) Specifically, the undersigned ordered Plaintiff "to send payment of the amount of $71.86 to the Office of the Clerk of this Court within 30 days of the entry of this Order." (Id.) The undersigned further directed that the "Clerk shall issue process promptly upon receipt of Plaintiff's initial partial payment of the filing fee." (Id.) On May 7, 2021 and June 21, 2021, Plaintiff filed Addendums to his Complaint. (Document Nos. 10 and 11.)

On September 7, 2021, Plaintiff filed the following Motions: (1) "Motion for Extension of Service" (Document No. 12); (2) "Motion to Include Supplemental Complaint" (Document No. 13); and (3) "Motion to Amend Complaint" (Document No. 14). In his "Motion for Extension of Service," Plaintiff appeared to provide the addresses for Defendants and request additional time to serve the Defendants. (Document No. 12.) Since Plaintiff had not paid the initial partial payment of the filing fee ($71.86) thereby triggering the Clerk's issuance of process, the undersigned denied as moot Plaintiff's "Motion for Extension of Service." (Document No. 15.) The undersigned, however, found it appropriate to grant Plaintiff an extension of time until October 11, 2021, to pay the initial partial payment of the filing fee ($71.86) to the Office of the Clerk of this Court. (Id.) Next, the undersigned considered Plaintiff's "Motion to Include Supplemental Complaint" (Document No. 13) and "Motion to Amend Complaint" (Document No. 14). (Document No. 15, pp. 2 - 3.) In his "Motion to Include Supplemental Complaint," Plaintiff included his proposed "Addendum." (Document No. 13, pp. 2 – 3.) In his "Motion to Amend Complaint," Plaintiff included his proposed "Amended Complaint." (Document No. 14-1.) Although the undersigned granted Plaintiff's Motion to Amend his Complaint, the undersigned determined it was unclear whether Plaintiff's proposed "Amended Complaint" (Document No.14-1) included all of

Plaintiff's claims. (Document No. 15.) Specifically, the undersigned explained and ordered as follows:

> Since the filing of his initial Complaint (Document No. 2), however, Plaintiff has filed two "Addendums" (Document Nos. 10 and 11), a proposed "Addendum" (Document No. 13, pp. 2 – 3), and a proposed "Amended Complaint" (Document No.14-1). Plaintiff's proposed "Addendum" (Document No. 13, pp. 2 – 3) and a proposed "Amended Complaint" (Document No.14-1) were filed on the same date. Accordingly, it is unclear whether Plaintiff's proposed "Amended Complaint" (Document No.14-1) includes all of Plaintiff's claims. An amended complaint will **supersede** any prior Complaints and Addendums, and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them. Accordingly, it is hereby **ORDERED** that Plaintiff's "Motion to Amend Complaint" (Document No. 14) is **GRANTED** and Plaintiff's "Motion to Include Supplemental Complaint" (Document No. 13) is **DENIED as moot**. Plaintiff shall file his Amended Complaint specifically setting forth his constitutional claims and stating specific facts as to how each defendant violated his constitutional rights by **October 11, 2021**. Plaintiff is hereby **NOTIFIED** that it will be insufficient for him to simply refer to his prior Complaint and Addendums, or additional documentation, or to incorporate the same by reference in the Amended Complaint. The Amended Complaint will supersede the original Complaint and any Addendums, and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them. **Failure of the Plaintiff to amend his Complaint and pay the initial partial payment of the filing fee by October 11, 2021, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia.**

(Id.)(emphasis added).

By letter filed September 13, 2021, Plaintiff inquired as to whether the Clerk's Office had received the partial payment of his filing fee. (Document No. 16.) By letter dated September 21, 2021, the Clerk of the Court notified Plaintiff that no filing fee had been received. (Document No. 17.) On May 5, 2022, Plaintiff paid his partial payment of the filing fee. (Document No. 18.) Plaintiff, however, never filed his Amended Complaint or otherwise responded to the Court's Order concerning his Amended Complaint. Since May 5, 2022, Plaintiff has made no contact with this Court.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:
  **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Since May 5, 2022, Plaintiff has done absolutely nothing to demonstrate an interest in prosecuting this action. The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect.[3] Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals no prejudice to the defendants. The defendants have not been served with process in the above case. With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, has completely failed to take any action in these proceedings for more than one year and nine months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

---

[3] The undersigned notes that it is Plaintiff's obligation to notify the Court of any change of address or other contact information. L.R. Civ. P. 83.5("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.").

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as a *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Court's prior Order. (See Document No. 15.) In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[4] unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document Nos. 2, 10, 11) without prejudice, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections

---

[4] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Plaintiff acted "deliberately" in his failure to prosecute or that Plaintiff initiated this action in bad faith. *See Hanshaw*, 2014 WL 4063828, at * 5.

identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: February 29, 2024.

Omar J. Aboulhosn
United States Magistrate Judge